## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIAMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 22-1411** |
| | * | |
| **HOLMES ET AL** | * | **SECTION: "L" (5)** |
| | * | |
| | * | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Plaintiff's Complaint for Failure to Join Indispensable

Parties, For Lack of Subject Matter Jurisdiction, and For Failure to State a Claim. R. Doc. 42.

Plaintiff has filed a memorandum in opposition. R. Doc. 44.

### I.     BACKGROUND

Plaintiff, an alleged resident of Los Angeles, California, brought this action against John

Holmes, Collin Holmes, and Chelsea Richards Napoleon, all citizens of Louisiana, pursuant to 28

U.S.C. § 1332's grant of diversity of citizenship subject matter jurisdiction.

This lawsuit arises out of a business relationship between the Plaintiff, Tracy Williams,

and Defendant John Holmes. Williams alleges that she is the owner of a number of properties in

New Orleans, which have a value of more than $2,000,000. R. Doc. 1 at 2. Plaintiff alleges that

John Holmes ("Holmes"), her attorney, failed to account for these real properties, which Williams

alleges she entrusted to Holmes. *Id.* Specifically, she alleges that she asked Holmes to arrange a

line of credit to help her bay bills and make repairs on the properties, but that Holmes now seeks

to sell her properties without her authority. *Id.* at 3. Plaintiff alleges an elaborate scheme by Holmes

to create two limited liability companies—TJW Holdings LLC and 1900 St Ann LLC (hereinafter,

"the LLCs")—of which he was the manager, through documents filed with the State of Louisiana

on which Plaintiff's signature was forged. *Id.* Further, Plaintiff alleges, on February 26, 2020 Holmes took out a fraudulent mortgage for $10,000,000 on properties contained in these LLCs and in Plaintiff's own LLC, Swank Restaurant LLC. *Id.* at 4. Plaintiff claims that Defendant Collin Holmes, the brother of John Holmes, signed the mortgage on behalf of TWJ Holdings, LLC. Plaintiff alleges that, since 2015 Holmes has sold properties from the LLCs below market value and that he has borrowed money against the property held in the LLCs. *Id.* Further, Plaintiff alleges, Holmes has failed to keep proper records, disclose financial transactions, or pay real estate taxes, and that he has "failed to account" to Plaintiff with regards to the proceeds received by or use of funds generated by the businesses. *Id.*

Plaintiff claims that Holmes has violated his fiduciary duties under La. Rev. Stat. 12:1314(A)(1) and seeks an accounting. *Id.* at 5. Further, Plaintiff seeks injunctive relief against Defendants, preventing them from selling the properties, as well as damages for loss of income, constructive and real value of the properties sold by Holmes. Plaintiff also seeks an order directing Chelsea Napoleon Richardson, the Clerk of Court for the Parish of Orleans, to "erase any and all conveyances or mortgages" regarding the properties listed in the complaint.

Plaintiff filed an Amended Complaint on December 28, 2022, in which she added a third count alleging that Defendant Holmes "holds in constructive trust or in a manner in the nature of a constructive trust for the benefit of plaintiff all the assets and proceeds from TWJ Holdings LLC and 1900 St. Ann LLC." R. Doc. 39 at 6. Plaintiff repeated her request for an accounting, asks that a constructive trust be imposed on all her assets, and requests that the Court enjoin Defendants John Holmes and Collin Holmes from selling her properties. *Id.* at 7.

## II.   PRESENT MOTIONS

Defendant John Holmes has filed a Motion to Dismiss the Amended Complaint. He

argues that Plaintiff failed to join necessary parties—the LLCs—under Rule 19, and that the court does not have subject matter jurisdiction because joining the LLCs would destroy diversity. R. Doc. 42-1 at 1.

Further, Holmes contends, Plaintiff has failed to state a claim on which relief can be granted because, under Louisiana law, an accounting claim is brought against a company itself and Plaintiff has named only Holmes. Id. at 20. Further, he argues, Plaintiff does not state a claim in her seeking of a preliminary injunction because she did not seek a permanent injunction, and under Louisiana law a preliminary injunction exists to maintain the status quo until a permanent injunction has been adjudicated. *Id.* at 21. Additionally, he argues that Plaintiff's claim for a constructive trust is not cognizable because Louisiana does not recognize the common law concept of constructive trusts. *Id.* at 22.

Holmes further argues that he is not a proper defendant for either claim, because the title for the property is held by the LLCs. *Id.* at 21-22. Finally, Holmes argues that Plaintiff cannot assert a breach of fiduciary duty claim against him in her individual capacity, because under Louisiana's default LLC law these claims may be brought only by the LLC itself or through a derivative suit. *Id.* at 24. Because Plaintiff has not pled on behalf of the LLCs or as a stakeholder in a derivative suit, Holmes argues, she has not articulated a cognizable claim. *Id.* at 25.

In opposition, Plaintiff argues that the LLCs are not necessary parties under Rule 19(a)(1)(A) because she "seeks an accounting from Holmes for these property transactions, not from the LLCs." R. Doc. 44 at 4. In essence, she contends that her claim for an accounting arises out of Holmes's breach of his fiduciary duty as her attorney—not his duty to the LLCs. *Id.* at 4-5. Furthermore, she argues, the LLCs are not required parties under Rule 19(a)(1)(B) because the LLCs have not themselves attempted to enter the litigation, and that the Court should reject

Holmes's argument on behalf of the LLCs. *Id.* at 6-7. In addition, Plaintiff contends that, because she did not agree to the formation of the LLCs or sign their operating agreements, "[t]o find that Plaintiff is bound to bring suit derivatively in the name of an LLC which she never joined, as Holmes urges in the motion, defies logic." *Id.* at 7. Moreover, Plaintiff contends that the court should use the discretion afforded to it by Rule 19(b) to let this case proceed in the absence of the LLCs, because "ordering Holmes to account for his dealings with the properties—*i.e.*, providing information about the transactions he undertook—would [not] prejudice the LLCs." *Id.* at 9.

Next, Plaintiff argues that Holmes's argument that the LLCs are the "real parties in interest," and thus this claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, is incorrect. *Id.* at 10. Namely, the Plaintiff argues that "[t]he LLCs are not the real parties in interest in this matter, as Plaintiff is seeking an accounting from her former lawyer John Holmes of the actions he took concerning the real estate Williams entrusted to Holmes." *Id.* at 11. Because in this instance there are disputes related to the formation of the LLCs, Plaintiff argues, cases finding property-holding LLCs to be the parties in interest in a suit are inapposite. *Id.*

Finally, Plaintiff argues that the claims that Defendant argues are non-cognizable and thus should be dismissed under Rule 12(b)(6)—the accounting claim against Holmes in his personal capacity and the claim for injunctive relief—are in fact cognizable. Plaintiff again asserts that Williams accounting claim against Holmes is in his "personal capacity." *Id.* at 13. With regards to her claim for a preliminary injunction, Holmes claims that, because she invoked Rule 65 in her complaint, the Court should interpret the complaint as seeking a permanent injunction. *Id.* at 14.

### III.    LAW AND ANALYSIS

Because subject matter jurisdiction is "nonwaivable and delimits federal-court power" it "must be policed by the courts on their own initiative." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). As a result, this Court will first consider Defendant's argument that Plaintiff has improperly failed to join the LLCs, which are citizens of Louisiana, and that joining them would strip this Court of subject matter jurisdiction over the suit.

In a suit based on diversity subject matter jurisdiction, questions of joinder are resolved by federal law. *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x. 239, 246 (5th Cir. 2020) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). Federal Rule of Civil Procedure 12(b)(7) authorizes dismissal of an action for failure to join a party under Rule 19. The inquiry made under Rule 19 is two-fold:

> First a court must determine whether a party should be added under the requirements of [Rule] 19(a); then the court must determine [under Rule 19(b)] whether litigation can be properly pursued without the absent party . . . . (citation omitted). If the absent party should be joined under [R]ule 19(a), but the suit cannot proceed without that party under the requirements of [R]ule 19(b), the case must be dismissed.

*Rajet Aeroservicios*, 801 Fed. App'x. at 246 (quoting *August v. Boyd Gaming Corp.*, 135 F. App'x. 731, 732 (5th Cir. 2005)).

Here, the LLCs are indispensable parties under Rule 19(a) because, in their absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. Pro. 19(a)(1)(A). Even reading the complaint in the light most favorable to the Plaintiff, Defendant has asked for multiple kinds of relief that can only proceed against the LLCs. First, to the extent that she asks that this Court enjoin Defendants from selling the property or conveying the titles, she cites no authority standing for the proposition that this Court can enjoin John or Collin Holmes from

selling property that is owned by an LLC. Even if the Court accepts as true Plaintiff's allegation that the LLCs were created fraudulently, she admits that the LLCs currently hold the titles of the properties at issue here. Second, while she emphasizes in her opposition to Defendant's motion to dismiss that she brings her accounting claims against Holmes in his personal capacity, she does not point to any authority that a claim for accounting can be brought against an individual. Such a claim could, however, proceed against the LLCs under La. Rev. Stat. 12:1319.

In any case, the parties do not dispute that the joinder of the LLCs—of which the only members are Plaintiff Tracy Williams and Defendant John Holmes—would destroy complete diversity among the parties, thus depriving the Court of subject matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Therefore, the Court turns to the second part of the Rule 19 inquiry. Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Pro. 19(b).

In this instance, the Plaintiff has sought relief that can only be afforded against the LLCs, and therefore "equity and good conscience" dictate that an action cannot proceed among only the existing parties. The Court concludes that Plaintiff's suit must be dismissed because adding the Louisiana-domiciled LLCs to the suit would destroy diversity jurisdiction, and this suit cannot proceed without them. Furthermore, the Court notes that Defendant has filed lawsuits arising out of the same business relationship at issue here in state court, which is the more appropriate forum for parties to litigate this dispute. *See John W. Holmes, Individually and Derivatively on Behalf of TWJ Holdings, LLC v. Tracy Williams and TWJ Holdings, LLC,* Case No. 829-433, Division C, 24th Judicial District Court, Parish of Jefferson, State of Louisiana; *1900 St. Ann, LLC and*

*John W. Holmes v. Tracy Williams and Flawless Construction, LLC,* Case No. 830-918, Division F, 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

## IV.   JUDGMENT

**IT IS ORDERED** that Defendant John Holmes's Motion to Dismiss be **GRANTED**. The Clerk of Court is hereby ordered to dismiss this action for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 18th day of April, 2023.

**THE HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**